**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| C.A., | : | Case No.: |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ROOSEVELT INN LLC and ROOSEVELT INN LLC D/B/A ROOSEVELT INN, ROOSEVELT INN CAFÉ, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, ALPHA CENTURION SECURITY, INC., 4200 ROOSEVELT LLC and 4200 ROOSEVELT LLC D/B/A DAYS INN, 4200 ROSE HOSPITALITY LLC and 4200 ROSE HOSPITALITY D/B/A DAYS INN, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM, D/B/A DAYS INN, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTEL MANAGEMENT, INC., WYNDHAM DESTINATIONS, INC., WYNDHAM HOTELS AND RESORTS, INC., DAYS INNS WORLDWIDE, INC., NORTH AMERICAN MOTOR INNS, INC. D/B/A NORTH AMERICAN MOTOR INNS, RAMARA INC., ASHOKA INVESTMENTS & MANAGEMENT SERVICES, RITZ HOTEL GROUP, INC., and AMERICAN MOTOR INNS, INC. | : : : : : : : : : : : : : : : : : : : : : : : : : : : : | |
| Defendants, | : : : : : | |

|  |  |
|---|---|
| v. | : |
|  | : |
| WILLIAM COIT, | : |
| ADRIAN PALMER, and | : |
| JEREL JACKSON, | : |
|  | : |
| Additional Defendants. | : |

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1452

Defendants Wyndham Worldwide Corporation (n/k/a Travel + Leisure Co.), Wyndham Hotel Group, LLC, Wyndham Hotels & Resorts, Inc., Wyndham Hotel Management, Inc., Wyndham Destinations, Inc. (n/k/a Travel + Leisure Co.), Wyndham Hotels and Resorts, LLC, and Days Inns Worldwide, Inc. (collectively, the "Wyndham Defendants") and Defendants Alpha-Centurion Security, Inc., 4200 Roosevelt LLC, 4200 Rose Hospitality LLC, Ramara, Inc., Ashoka Investment & Management Services, Ritz Hotel Group, Inc., and American Motor Inns, Inc. (collectively with the Wyndham Defendants, the "Removing Co-Defendants") hereby remove certain claims and causes of action (the "Claims") from a pending civil action in the Court of Common Pleas, Philadelphia County, *C.A. v. Roosevelt Inn LLC, et al.*, Case ID No. 190303355, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1334 and 1452(a), and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Claims being removed pursuant to this Notice of Removal are only those claims against the Removing Co-Defendants by Plaintiff, C.A. (the "Plaintiff"), and the claims that the Wyndham Defendants have asserted against Additional Defendants William Coit,

Adrian Palmer, and Jerel Jackson.[1]  In support of this Notice of Removal, the Removing Co-Defendants state as follows:

## BACKGROUND

1. Roosevelt Inn, LLC ("Roosevelt Inn") operates a hotel property in Northeast Philadelphia, Pennsylvania.  *See* Case No. 2:21-cv-03222 at ECF Doc. No. 1, ¶ 1.  Roosevelt Motor Inn, Inc. ("Roosevelt Motor Inn") holds title to the hotel property.  *Id.*

2. On March 27, 2019, Plaintiff commenced the Civil Action by filing a Complaint (the "Complaint") in the Court of Common Pleas, Philadelphia County (the "State Court") against certain of the Wyndham Defendants, the Debtors, UFVS Management Company, LLC,[2] Alpha-Centurion Security, Inc., 4200 Roosevelt LLC, 4200 Roosevelt LLC *d/b/a* Days Inn, 4200 Rose Hospitality LLC, 4200 Rose Hospitality LLC *d/b/a* Days Inn, Days Inn, Days Inn by Wyndham *d/b/a* Days Inn, Surati Management Group, North American Motor Inns, Inc. *d/b/a* North American Motor Inns, Ramara, Inc. and Ashoka Investments & Management Services (the "Civil Action").  *See C.A. v. Roosevelt Inn LLC, et al.*, Case ID. No. 190303355, *see also* Case No. 2:21-cv-03222 at ECF Doc. Nos. 1, ¶ 2 and1-2, p. 12.  In the Complaint, Plaintiff asserted common law personal injury tort claims against several defendants in the Civil Action alleging that they failed to prevent Plaintiff from being sex trafficked at several Philadelphia area hotels.  *See* Case No. 2:21-cv-03222 at ECF Doc. Nos. 1, ¶ 2 and1-2, p. 12.  As the Civil Action relates to Alpha-Centurion Security, Inc. ("Alpha"), Alpha provided security services to the Debtors hotel

---

[1] On July 20, 2021, Roosevelt Inn, LLC and Roosevelt Motor Inn, Inc. (collectively, the "Debtors") filed a *Notice of Removal Pursuant to 28 U.S.C.§ 1452* (the "Roosevelt Defendants Notice of Removal") removing certain claims and cross-claims related to the Debtors in the Civil Action (defined below) to this Court and requesting that such claims be referred to the Bankruptcy Court.  The claims and cross-claims removed by the Debtors are currently pending before this Court as Case No. 2:21-cv-03222.  *See* Case No. 2:21-cv-03222 at ECF Doc. No. 1.

[2] The Debtors and UFVS Management Company, LLC are collectively referred to herein as the "Roosevelt Inn Defendants".

properties pursuant to a written contract. *Id*. at ECF Doc. No. 1, ¶ 2. Plaintiff alleges that Alpha is also liable for her personal injury tort claims. *See* Case No. 2:21-cv-03222 at ECF Doc. Nos. 1, ¶ 2 and 1-3, p. 775. This action is one of four (4) similar civil actions currently pending against the Removing Co-Defendants, the Roosevelt Inn Defendants, and various non-debtor co-defendants and additional defendants (such claims and cases together, the "Pending Tort Actions").[3] *See* Case Nos. 2:21-cv-03222, 2:21-cv-03218, 2:21-cv-03225, and 2:21-cv-03277; *see also* Case No. 2:21-cv-03222 at ECF Doc No. 1, ¶ 2.

3. On October 30, 2019, Plaintiff filed an *Amended Complaint* adding as defendants the Ritz Hotel Group, Inc., Wyndham Destinations, Inc., Wyndham Hotels & Resorts, Inc., Days Inn Worldwide, Inc. and Alpha-Centurion Security, Inc. *See* Case No. 2:21-cv-03222 at ECF Doc. Nos. 1, ¶ 3 and 1-3, p. 772. Plaintiff claimed that Alpha was also liable to her for her personal injury tort claims. *See* Case No. 2:21-cv-03222 at ECF Doc. Nos. 1, ¶ 3 and 1-3, p. 775.

4. On January 30, 2020, the Roosevelt Inn Defendants filed cross-claims against Alpha for contractual and common law indemnity and contribution. *See* Case No. 2:21-cv-0322 at ECF Doc. Nos. 1, ¶ 4 and 1-4, p. 145.

5. On July 13, 2020, the Roosevelt Inn Defendants amended their cross-claims against Alpha and added claims for negligent hiring, training and supervision and negligence *per se* against Alpha. *See* Case No. 2:21-cv-0322 at ECF Doc. Nos. 1, ¶ 5 1-5, p. 86.

6. On January 13, 2020, the Roosevelt Inn Defendants joined third party defendants William Coit ("Coit") and Jerel Jackson ("Jackson") by Writ. *See* Case No. 2:21-cv-03222 at ECF Doc. Nos. 1, ¶ 6 and 1-4, pp. 70, 83. The Roosevelt Inn Defendants' claims against Jackson and Coit are set forth in their January 22, 2021 *Answer to Plaintiff's Second Amended Complaint with*

---

[3] The Roosevelt Inn Defendants, among others, are party-defendants in a similar state court civil action previously removed to this Court to which the Removing Co-Defendants are not a party. *See* Case No. 2:21-cv-02984.

*New Matter and New Matter Crossclaims*. *See* Case No. 2:21-cv-03222 at ECF Doc. Nos. 1¶ 6 and 1-8, p. 75. The Wyndham Defendants also asserted claims against Coit and Jackson, which are set forth in their *Joinder Complaint* filed on January 16, 2020.

7.  Plaintiff filed a *Second Amended Complaint* on January 7, 2021, adding defendants Days Inns Worldwide, Inc. (incorrectly identified in earlier pleadings as Days Inn Worldwide, Inc.) and American Motor Inns, Inc. *See* Case No. 2:21-cv-03222 at ECF Doc. Nos. 1, ¶ 7 and 1-8, p. 17. On February 5, 2021, the Wyndham Defendants filed their *Amended Joinder Complaint* adding Adrian Palmer as an Additional Defendant.

8.  On June 16, 2021 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court"). *See* Case Nos. 21-11697-amc and 21-11698-amc; *see also* Case No. 2:21-cv-03222 at ECF Doc. No. 1, ¶ 8.

9.  The Debtors' chapter 11 cases are being jointly administered under the caption *In re Roosevelt Inn, LLC*, Case No. 21-11697 (collectively the "Chapter 11 Cases"). *See* Case No. 21-11697 at ECF Doc. No. 26; *see also* Case No. 2:21-cv-03222 at ECF Doc. No. 1, ¶ 9. The Chapter 11 Cases are pending before United States Bankruptcy Judge Ashely M. Chan.

10. Consistent with 28 U.S.C. § 157(a), this Court has issued Standing Orders dated July 25, 1984, November 8, 1990, and June 29, 1992 (the "Standing Orders of Reference") providing for an "automatic reference" of, *inter alia*, all proceedings related to cases under the Bankruptcy Code to the Bankruptcy Court, where the Chapter 11 Cases are now pending. *See* 28 U.S.C. § 157(a).

5

11.     However, 28 U.S.C. § 157(b)(2)(B) specifically excludes from the definition of "core proceedings" "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11." *See* 28 U.S.C. § 157(b)(2)(B).

12.     Pursuant to 28 U.S.C. § 157(b)(5), this Court has the exclusive authority to fix venue of personal injury tort claims, including those asserted in the Claims and the Pending Tort Actions, which are related to the Debtors' bankruptcy proceedings.  *See* 28 U.S.C. § 157(b)(5) ("The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending."); *see also* 1 Collier on Bankruptcy ¶ 3.06 (Richard Levin & Henry J. Sommer eds. 16 ed.) ("Section 157(b)(5) provides that the venue of the trial is to be determined by the district court in which the title 11 case is pending.  This unusual, perhaps unique, provision empowers a court other than that in which the litigation is pending to decide where the trial is to take place.").

13.     Consistent with the purpose of 28 U.S.C. § 157(b)(5), the Removing Co-Defendants seek to consolidate the Pending Tort Claims before this Court to allow for an efficient and equitable resolution of all Pending Tort Claims - particularly since the Debtors have already removed certain claims and cross-claims related to the Debtors in the Civil Action. *See Coker v. Pan Am. Corp. (In re Pan Am. Corp.)*, 950 F.2d 839, 845 (2d Cir. 1991) ("[T]he manifest purpose of section 157(b)(5) was 'to centralize the administration of the estate and to eliminate the multiplicity of forums for the adjudication of parts of the bankruptcy case.'" (*quoting A.H. Robbins Co. v. Picinnin*, 788 F.2d 994, 1011 (4th Cir. 1986)); *Hopkins v. Plant Insulation Co.*, 342 B.R. 703, 716 (D.Del. 2006) ("The purpose of Section 157(b)(5) is to centralize the administration of

6

the bankruptcy estate and eliminate having multiple forums adjudicate different parts of the bankruptcy case.").

14. By this Notice of Removal, the Removing Co-Defendants hereby remove the Claims from the State Court to this Court.

## GROUNDS FOR REMOVAL

15. Removal of the Claims is proper pursuant to 28 U.S.C. §§ 1334 and 1452(a).

16. Section 1452(a), which governs the removal of civil actions related to a bankruptcy case, such as those asserted in the Civil Action, states, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

17. Section 1334(b), in turn, provides in relevant part that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." *See* 28 U.S.C. § 1334(b).  In enacting section 1334(b), "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995).  Jurisdiction over a proceeding that is "related to" a bankruptcy case is the "broadest of the potential paths to bankruptcy jurisdiction." *Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 163 (3d Cir. 2004); *see also SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 340 (2d Cir. 2018) ("While 'related-to' jurisdiction is not limitless, it is fairly capacious . . . ." (internal citations omitted)); *Coen v. Stutz (In re CDC Corp.)*, 610 F. App'x 918, 921 (11th Cir. 2015) ("This 'related to' jurisdiction is 'extremely broad.'") (quotation omitted)); *Boston Regional Med. Ctr., Inc. v. Reynolds (In re Boston Regional Med. Ctr., Inc.)*,

410 F.3d 100, 106 (1st Cir. 2005) ("The statutory grant of 'related to' jurisdiction is quite broad."); *Sasson v. Sokoloff (In re Sasson)*, 424 F.3d 864, 868 (9th Cir. 2005) ("A bankruptcy court's 'related to' jurisdiction is very broad, including nearly every matter directly or indirectly related to the bankruptcy." (internal quotations omitted)); *Internal Revenue Serv. v. Prescription Home Health Care, Inc. (In re Prescription Home Health Care, Inc.)*, 316 F3d 482, 489 (6th Cir. 1996) ([T]he emphatic terms in which the jurisdictional grant is described in the legislative history, and extraordinarily broad wording of the grant itself, leaves us with no doubt that Congress intended to grant district court broad jurisdiction in bankruptcy cases."); *Coffey v. Anderson (In re PSLJ, Inc.)*, 873 F.2d 1440 (table) (4th Cir. 1989) ("We have recognized that a bankruptcy court has broad jurisdiction over proceedings arising in or related to a title 11 case.").

18. An action is "related to" a bankruptcy case where its outcome "could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1994). An action satisfies the "conceivable effect" test "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* The Third Circuit has further clarified that such effects on the bankruptcy estate must be the product of the related actions itself, "without the intervention of yet another lawsuit." *See In re Federal-Mogul Corp.*, 300 F.3d 368, 382 (3d Cir. 2002).

19. Furthermore, in the context of a non-debtor co-defendant's request to remove an action from a state court to the federal district in which the debtor co-defendant's bankruptcy case is pending, 28 U.S.C. § 157(b)(5):

> Should be read to allow a district court to fix venue for cases pending against nondebtor defendants which are "related to" a debtor's bankruptcy proceedings pursuant to Section 1334(b). This approach will further the prompt, fair, and complete resolution of all

>claims "related to" bankruptcy proceedings, and harmonize Section 1334(b)'s broad jurisdictional grant with the oft-stated goal of centralizing the administration of a bankruptcy estate.

*Lindsey v. O'Brien, Tanski, Tanzer and Young Health Care Providers of Conn.* (*In re Dow Corning Corp.*), 86 F.3d 482, 497 (6th Cir. 1996).

20. The Claims arise in, under, or are otherwise related to the Debtors' Chapter 11 Cases and are therefore removable under 28 U.S.C. § 1452(a) because, inter alia, the claims and allegations in the Complaint against the Removing Co-Defendants are inextricably intertwined with the claims and allegations against the Debtors. The claims and allegations in Plaintiff's Complaint arise out of an alleged common nucleus of operative facts and raise substantially similar questions of law. As one consequence, the Debtors may be compelled to participate in the litigation, notwithstanding the automatic stay, to protect their own interests. *See Union Tr. Phila. LLC v. Singer Equip. Co. (in re Union Tr. Phila., LLC)*, 490 B.R. 644, 657 (E.D. Pa. 2011) (finding related to jurisdiction over state law claims against nondebtors where the debtor was at risk of being "bound to critical factual and legal issues determined in those proceedings by operation of collateral estoppel"). Accordingly, the Claims as against the Removing Co-Defendants are properly removed to this Court.

## PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

22. The time in which the Removing Co-Defendants may remove the Claims to this Court has not expired pursuant to Bankruptcy Rule 9027(a)(2), as the Civil Action was commenced prior to the Petition Date and no order has been entered in the Chapter 11 Cases terminating the automatic stay with respect to any claim against the Debtors.

23. Venue in this Court is proper pursuant to Bankruptcy Rule 9027(a)(1). The State Court is located in this district and in the division of the Bankruptcy Court.

24. Pursuant to Bankruptcy Rule 9027(a)(1), the removal is proper to the District Court where the Claims are pending. *See* Fed. R. Bankr. 9027(a)(1).

25. In accordance with Bankruptcy Rule 9027(a)(1), filed with this Notice of Removal are copies of the State Court docket, the process and the pleadings of the State Court Civil Action. *See* Exhibits 1 through 10.

26. As set forth above, this Court has subject matter jurisdiction over the Claims pursuant to 28 U.S.C. § 1334(b) because the Claims arise in and are related to the Chapter 11 Cases.

27. The Claims constitute a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O), as they arise in and relate to matters which relate to property of the Debtors' estates under section 541 of the Bankruptcy Code and effect the administration of the estates. However, the liquidation of the underlying personal injury tort claims against the estate are not core proceedings. See 28 U.S.C. § 157(b)(2)(B).

28. Section 157(b) states that "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in which the claim rose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b). However, should the court determine that section 157(b) does not apply, the Removing Co-Defendants consent to the entry of final orders or judgment by the Bankruptcy Court in connection with the liquidation of the personal injury tort claims.

29. Promptly after the filing of this Notice of Removal, the Removing Co-Defendants will serve on all parties to the Civil Action and file with the clerk of the State Court a copy of this Notice of Removal in accordance with Bankruptcy Rules 9027(b) and (c).

30. The Removing Co-Defendants reserve the right to amend or supplement this Notice of Removal or to present additional arguments in support of their entitlement to remove the Claims.

Dated: July 30, 2021
Philadelphia, Pennsylvania

**DLA PIPER LLP (US)**

By: */s/ Nathan P. Heller*
Matthew A. Goldberg
Nathan P. Heller
Haley D. Torrey
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103
Tel: (215) 656-3300
Fax: (215) 656-3301
Email: matthew.goldberg@dlapiper.com
Email: nathan.heller@dlapiper.com
Email: haley.torrey@dlapiper.com

-and-

**K&L GATES LLP**

Daniel M. Eliades
(*Pro Hac* Application Pending)
Travis Powers
(*Pro Hac* Application Pending)
One Newark Center, 10th Floor
1085 Raymond Boulevard
Newark, New Jersey 07102
Tel: (973) 848-4000
Fax: (973) 848-4001
Email: daniel.eliades@klgates.com
Email: travis.powers@klgates.com

*Attorneys for Defendants Wyndham Worldwide Corporation, (n/k/a Travel + Leisure Co.), Wyndham Hotels & Resorts, Inc., Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC k/n/a Wyndham Franchisor, LLC, Wyndham Hotel Management, Inc., and Days Inns Worldwide, Inc.*

| | |
|---|---|
| */s/ Conrad J. Benedetto* | */s/ Daniel O'Connell* |
| Philip D. Priore | Francis J. Deasey |
| Conrad J. Benedetto | Daniel O'Connell |
| Damali Martin | **DEASEY, MAHONEY & VALENTINI,** |
| **MCCORMICK & PRIORE PC** | **LTD.** |
| 4 Penn Center, Suite 800 | 2001 Market Street, Suite 3810 |
| Philadelphia, PA 19103 | Philadelphia, PA 19103-2301 |
| | |
| *Counsel for 4200 Roosevelt LLC and 4200 Rose Hospitality LLC* | *Counsel for American Motor Inns, Inc.* |
| | |
| *Hugh P. O'Neill* | */s/ Meghan Sandora* |
| Hugh P. O'Neill | Michael R. Miller |
| John A. Lucy | Meghan Sandora |
| **THOMAS, THOMAS, & v, LLP** | **MARGOLIS EDELSTEIN** |
| 305 N. Front Street | 170 W. Independence Mall, Suite 400E |
| Harrisburg, PA 17108 | Philadelphia, PA 19106 |
| | |
| *Counsel for Ramara, Inc.* | *Counsel for Ashoka Investment & Management Services* |
| | |
| */s/ Victoria M. Komarnicki* | */s/ Penelope Cilluffo* |
| Victoria M. Komarnicki | Joseph McHale |
| Catherine DeSilvester | Penelope Cilluffo |
| **BENNETT, BRICKLIN & SALTZBURG LLC** | **STRADLEY RONON STEVENS & YOUNG, LLP** |
| Centre Square, West Tower | Great Valley Corporate Center |
| 1500 Market Street, 32nd Floor | 30 Valley Stream Parkway |
| Philadelphia, PA 19102 | Malvern, PA 19355 |
| | |
| *Counsel for Ritz Hotel Group, Inc.* | *Counsel for Alpha-Centurion Security, Inc.* |

## **VERIFICATION**

I, Nathan P. Heller, hereby verify that the facts contained in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of perjury relating to unsworn falsifications to authorities.

Dated: July 30, 2021                                                          */s/ Nathan P. Heller*
                                                                                                                   Nathan P. Heller

## CERTIFICATE OF SERVICE

I, Nathan P. Heller, hereby certify that, on this 30 day of July 2021, I caused a true and correct of copy of the foregoing *Notice of Removal Pursuant to 28 U.S.C. 1452* to be served via electronic and first-class U.S. Mail upon the following:

Charles S. Marion, Esq.
Kevin Eddy
Justina L. Byers, Esq.
**BLANK ROME LLP**
One Logan Square
130 N. 18th Street
Philadelphia, PA 19103

*Attorneys for Roosevelt Inn LLC d/b/a Roosevelt Inn and Roosevelt Motor Inn, Inc. d/b/a Roosevelt Motor Inn, UFVS Management Company, LLC and Yagna Patel*

Philip D. Priore
Conrad J. Benedetto
Damali Martin
**MCCORMICK & PRIORE PC**
4 Penn Center, Suite 800
Philadelphia, PA 19103

*Counsel for 4200 Roosevelt LLC and 4200 Rose Hospitality LLC*

Hugh P. O'Neill
John A. Lucy
**THOMAS, THOMAS, & v, LLP**
305 N. Front Street
Harrisburg, PA 17108

*Counsel for Ramara, Inc.*

Emily Marks
Nadeem Bezar
Kyle B. Nocho
**KLINE & SPECTER PC**
1525 Locust Street
Philadelphia, PA 19102

*Counsel for Plaintiff*

Joseph McHale
Penelope Cilluffo
**STRADLEY RONON STEVENS & YOUNG, LLP**
Great Valley Corporate Center
30 Valley Stream Parkway
Malvern, PA 19355

*Counsel for Alpha-Centurion Security, Inc.*

Michael R. Miller
Meghan Sandora
**MARGOLIS EDELSTEIN**
170 W. Independence Mall, Suite 400E
Philadelphia, PA 19106

*Counsel for Ashoka Investment & Management Services*

2

| | |
|---|---|
| Victoria M. Komarnicki<br>Catherine DeSilvester<br>**BENNETT, BRICKLIN<br>  & SALTZBURG LLC**<br>Centre Square, West Tower<br>1500 Market Street, 32nd Floor<br>Philadelphia, PA 19102<br><br>*Counsel for Ritz Hotel Group, Inc.* | Francis J. Deasey<br>Daniel O'Connell<br>**DEASEY, MAHONEY & VALENTINI,<br>LTD.**<br>2001 Market Street, Suite 3810<br>Philadelphia, PA 19103-2301<br><br>*Counsel for American Motor Inns, Inc.* |

And via first-class U.S. Mail upon:

| | |
|---|---|
| William Coit (Inmate No. 69947-066)<br>FDC Philadelphia<br>Federal Detention Institution<br>700 Arch Street<br>Philadelphia, PA  19106<br><br>*Pro Se Additional Defendant* | Jerel Jackson (Inmate No. 70774-066)<br>UPS McCreary<br>330 Federal Way<br>Pine Knot, KY  42635<br><br>*Pro Se Additional Defendant* |

Adrian Palmer
1316 W. Roosevelt Blvd.
Philadelphia, PA 19140

*Pro Se Additional Defendant*



           */s/ Nathan P. Heller*
           Nathan P. Heller